IN RE BIDGOOD

[No. 0-799. Filed March 9, 1966.]

*Robert S. Bidgood, pro se.*

PER CURIAM.—The petitioner has filed his petition asking for the issuance of a citation to the public defender ordering him to show cause why he does not represent the petitioner in the filing of a motion for correction of sentence.

The public defender has filed his answer and it appears that on July 30, 1963, an affidavit was filed in the Criminal Court of Marion County, Div. 1, charging the petitioner with failure to provide for his children under fourteen (14) years of age.

On March 5, 1964, petitioner was arraigned and entered a plea of guilty whereupon he was sentenced to the Indiana State Prison from one to seven years. At the time he was arraigned and entered his guilty plea, petitioner was represented by Stanley Smith, a reputable and competent attorney of Marion County, Indiana.

Omitting formal questions and answers, the application for the assistance of the public defender reads as follows:

"According to the wording of the affidavit I am not charged with a felony. The affidavit charges me under Burns' Ind. Stat. (1956 Repl.) Sec. 10-1402."

Thus the petitioner recognizes that he was charged under Burns' Ind. Stat. § 10-1402 (1956 Repl.), but claims that he is not charged with a felony. That statute reads as follows:

"The father, or when charged by law with the maintenance thereof, the mother of a child or children, under fourteen [14] years of age, living in this state who being able either by reason of having means or by personal services, labor or earnings, shall wilfully neglect or refuse to provide such child or children with necessary and proper home, care, food and clothing *shall be deemed guilty of a felony,* and upon conviction be punished by imprisonment in the state prison or reformatory for not more than seven [7] years nor less than one [1] year: . . ." [Emphasis supplied.]

As the statute itself states that anyone in violation thereof shall be deemed guilty of a felony with the sentence to be

not less than one year, it appears that the public defender is justified in declining to represent the petitioner.

Petition is therefore denied.

Achor, J., not participating.

NOTE.—Reported in 214 N. E. 2d 643.